United States District Court
Southern District of Texas

**ENTERED**

June 29, 2023

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| LEROY PUNCH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:23-CV-00012 |
| | § | |
| JUSTIN MARR, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Leroy Punch is a pretrial detainee, currently incarcerated at the Victoria

County Jail in Victoria, Texas.  Petitioner's instant habeas action under 28 U.S.C. § 2241 was

received and filed by the Clerk on January 9, 2023, as part of Petitioner's civil rights lawsuit

against the Victoria County Jail and others, relating to events that have allegedly occurred during

his pretrial confinement.  *See* Doc. Nos. 1, 3.  Petitioner asserts that the Victoria County Jail is

violating his due process and equal protection rights by wrongfully holding him in custody and

requests that this Court release him or transfer him to another county's jail facility.  (Doc. No. 1.)

For the reasons discussed below, it is plain from the filings that Petitioner is not entitled to relief,

because he has failed to exhaust available administrative remedies.  Accordingly, the

undersigned recommends that Petitioner's habeas petition be DISMISSED without prejudice to

Petitioner's right to pursue available state court remedies.

### A.  *Jurisdiction.*

This Court has subject matter jurisdiction over this habeas petition pursuant to 28 U.S.C.

§ 1331.  A habeas action may be filed either in the district in which the petitioner is in custody or

in the district in which the petitioner was convicted and sentenced.  28 U.S.C. § 2241(d);

*Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  In this case, Petitioner is confined in the Victoria County Jail in Victoria, Texas.  This facility lies within the Victoria Division of the Southern District of Texas.  28 U.S.C. § 124(b)(5).  Plaintiff is a pre-trial detainee.  *See* Case No. 21-01-32610-D & Case No. 21-11-33301-D, found at Victoria County Records Inquiry, Criminal Case Records, Search: Last name—Punch, https://dcn.vctx.org/dcn/ (last visited May 24, 2023).  Thus, this matter is properly before this Court.

### B.  Procedural history.

Petitioner's instant habeas action was received and filed by the Clerk on January 9, 2023, as part of Petitioner's civil rights lawsuit against the Victoria County Jail and others under 42 U.S.C. § 1983, relating to events that have allegedly occurred during his pretrial confinement.  *See* Doc. Nos. 1, 3; *see also Punch v. Victoria Cnty. Jail Medical Dep't*, No. 6:22-cv-00022 (S.D. Tex.).  The Court severed the habeas claim into a standalone case.  (Doc. No. 3.) Respondent filed a motion for summary judgment (Doc. No. 22), and Petitioner filed a response (Doc. No. 25).

Petitioner is currently confined as a pretrial detainee at the Victoria County Jail and has been so confined since June 12, 2021.  *See* Case No. 21-01-32610-D & Case No. 21-11-33301-D found at Victoria County Records Inquiry, Criminal Case Records, Search: Last name—Punch, https://dcn.vctx.org/dcn/ (last visited June 22, 2023).  According to an Assistant District Attorney's affidavit submitted by Respondent, Petitioner has been indicted for aggravated assault with a deadly weapon, evading arrest or detention with a motor vehicle, and unlawful possession of a firearm by a felon stemming from an incident that occurred on or about October 14, 2020. (Doc. No. 22-1, p. 1.)[1]  These charges were assigned cause number 21-01-32610-D.  *Id.*  Further,

---

[1]  Each of these offenses are felonies under Texas law.  *See* Tex. Penal Code §§ 22.02(a)(2), 38.04(a), 46.04(a).

because of an incident occurring on or about June 11, 2021, Petitioner was also indicted for second aggravated assault with a deadly weapon.  This charge was assigned cause number 21-11-33301-D.  *Id*.  Additionally, the Court's own research indicates that Petitioner had a "possession of penalty group one controlled substance of less than one gram" charge and a Class C misdemeanor charge on June 11, 2021.  *See* Victoria County Records Inquiry, Criminal Case Records, Search: Last name—Punch, https://dcn.vctx.org/dcn/ (last visited June 22, 2023).

Petitioner's charges are still pending in Victoria County and, because Petitioner was found to be incompetent to stand trial, the cases are currently set on the state court's administrative docket.  (Doc. No. 22-1, p. 1.)  Petitioner has not entered a guilty plea or been convicted of any of the aforementioned charges.  *Id*.  He has therefore not filed any appeal of any conviction.  *Id*.  Petitioner did, however, file an application for a writ of habeas corpus seeking bail reduction on or about November 10, 2021 in connection to cause number 21-01-31610-D. *Id*.  Petitioner withdrew that application on or about November 19, 2021.  *Id*.  Therefore, no state court reviewed the habeas application.  *Id*.

In response to the Court's questionnaire in this habeas action, Petitioner additionally alleges that in October 2022 (thus, before filing this habeas action) he requested a transfer from Sheriff Marr, and, according to Petitioner, Sheriff Marr allegedly stated that Petitioner would receive the transfer.  (Doc. No. 14, p. 4.)  Petitioner also admitted that he had not filed a habeas application in state court.  *Id*.  Petitioner explains that he did not do so because he sent a letter to Judge Eli Garza, to which he received a reply that the letter "'was considered improper ex parte and that a Judge could [do] nothing concerning this matter.'"  *Id*. at 5.

There is no indication that Petitioner has sought review in any Texas state appellate court.

### C. *Petitioner's complaints and requests for relief in this habeas action.*

Here, Petitioner asserts five grounds for habeas relief.[2]  First, he alleges the "First Amendment right to access the court for redress of grievances," asserting that he has been written up and punished for filing grievances.  (Doc. No. 14, pp. 7-8.)  Second, Petitioner alleges that he has not been afforded the right to practice his chosen religion adequately, because certain religious items have been sent back or "appropriated," allegedly in retaliation for filing grievances.  *Id*. at 8.  Third, Petitioner alleges that his right to be free from discrimination has been violated, because he is allegedly being treated differently than others who are similarly situated.  *Id*.  Fourth, Petitioner alleges that his right to due process "regarding Punishment, Administrative Transfers and Administrative Segregation" are being violated, again because Petitioner believes that he is being punished for filing grievances.  (Doc. No. 14, p. 9.)  Fifth, Petitioner asserts that he is not being provided with adequate medical care, because he has not been provided with a surgery that Petitioner alleges that he needs to alleviate unspecified pains. *Id.* at 10.  Petitioner's response to Respondent's summary judgment motion asserts the same grounds.  (Doc. No. 25, p. 2.)

As relief, Petitioner asks to be transferred to another county detention center, that the court "add jail incident report disciplinary report, and grievance/response (To She[r]iff Marr) to Plaintiff's § 1983 claim where applicable,"  that the court address his grievances in his § 1983 claim, and that the Court deny Respondent's motion for summary judgment.  *Id*. at 9; Doc. No. 25, p. 5.

---

[2]  Each of Petitioner's five grounds for habeas relief were also included in his § 1983 civil action.  *Punch v. Victoria Cnty. Jail Medical Dep't*, No. 6:22-cv-00022 (S.D. Tex.).  The undersigned addressed each of these claims in that action and recommended that the district court dismiss all of the claims.  *Id*. at Doc. No. 25.

### D. *The exhaustion requirement.*

"A state pretrial detainee is entitled – in some circumstances – to raise federal constitutional claims in a habeas corpus proceeding under 28 U.S.C. § 2241."  *Muhammad v. Wiles*, No. EP-19-CV-286-KC, 2020 WL 1042642, at *3 (W.D. Tex. Mar. 4, 2020) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).  The detainee must show that he or she is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

But habeas relief under § 2241 is not available to a detainee unless, among other things, he or she has exhausted all "available state remedies" in a procedurally correct manner. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Ray v. Quarterman,* No. 3:06-CV-850-L, 2006 WL 2842122, at *1 & n.1 (N.D. Tex. July 24, 2006)*, adopted,* 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006) (explaining that the courts "have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court.").  To exhaust state court remedies, a petitioner must "present his [or her] claims to the state courts by a currently available and adequate procedure."  *Ray*, 2006 WL 2842122, at *1 & n.1 (citing *Braden*, 410 U.S. at 489). State remedies are ordinarily not considered exhausted if the detainee may still effectively present his or her claims to the state courts.  *Braden*, 410 U.S. at 489.

The *Muhammad* court described how a Texas pretrial detainee can exhaust state remedies:

> Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights he believes the state violated.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  In the pre-conviction context, a Texas pretrial detainee confined after a felony indictment may file an application for writ of habeas corpus with the judge of the court in which he is indicted.  Tex. Code Crim. Proc. § 11.08.  If the

> trial court denies habeas relief, the applicant's remedy is to take a direct appeal to
> an intermediate appellate court and then petition for discretionary review by the
> Texas Court of Criminal Appeals.  *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951,
> 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 372 n.5
> (Tex. Crim. App. 1981) (citations omitted)).

*Muhammad*, 2020 WL 1042642, at *4.

The only available exception to the exhaustion requirement is in those "'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference."  *Deters*, 985 F.2d at 795 (quoting *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925)); *see also Ex parte Hawk*, 321 U.S. 114, 118 (1944).  Otherwise, the pretrial detainee would be attempting to litigate claims prematurely in federal court, which is not allowed.  *Braden*, 410 U.S. at 489, 493.

The exhaustion requirement assumes that state remedies are adequate and available. *Deters*, 985 F.2d at 795 & n.15.  "Exceptional circumstances of peculiar urgency" exist in several circumstances.  If seeking state remedies would be futile, or if the state's highest court has already heard the petitioner's case, or if the state changes its substantive law after review of the petitioner's habeas application, exhaustion may be excused.  *Id.* at 795 & n.16.  Likewise, if the state's review processes are so "cumbersome, complex and confusing that they frustrate good faith attempts to comply with them,"[3] or if the "state system inordinately and unjustifiably delays review of the petitioner's claims to as to impinge on his due process rights," then the exhaustion requirement is excused.  *Id.*  "In analyzing exhaustion in each case, however, courts are to excuse noncompliance with the exhaustion doctrine *only* if the inordinate delay is wholly and completely the fault of the state."  *Deters*, 985 F.2d at 796 (emphasis in original).

---

[3]  *See Carter v. Estelle*, 677 F.2d 445, 446-47 (5th Cir. 1982).

### E.  *Petitioner has failed to exhaust these claims, so his habeas action should be dismissed.*

Here, Petitioner has not exhausted his claims, so his federal habeas action should be dismissed.  Petitioner is still awaiting trial.  Petitioner does not allege that he filed an application for a writ of habeas corpus under article 11.08, that he appealed any denial of such an application through the Texas intermediate courts to the Texas Court of Criminal Appeals, or that the Texas Court of Criminal Appeals denied or refused to consider his application.  Nor does the Court's own research reveal any such application or appeal by Petitioner.  Petitioner therefore has not satisfied his exhaustion requirement.

Petitioner has not demonstrated that he should be excused from the exhaustion requirement.  That burden lies with Petitioner.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Nelson v. State of Miss.*, No. 95-60516, 1996 WL 46734, at *3 & n.7 (5th Cir. Jan. 8, 1996) (unpublished) (citing *Deters*, 985 F.2d at 795) (petitioner seeking excusal of exhaustion requirement based on excessive delay bore burden of demonstrating the excessive delay and that he had not contributed to the delay).  Petitioner neither alleges nor demonstrates that seeking state remedies would be futile, that the state's highest court has already heard the petitioner's case, or that Texas has changed its substantive law after reviewing Petitioner's habeas application.  *Cf. Deters*, 985 F.2d at 795 & n.16.  Likewise, Petitioner does not allege or demonstrate that Texas' review processes are so "cumbersome, complex and confusing that they frustrate good faith attempts to comply with them."  *Cf. Carter*, 677 F.2d at 446-47.  Finally, Petitioner does not allege or demonstrate that there has been any unjustifiable delay in review of his claims, where he has never properly submitted his claims for review.  Although Petitioner possibly made an initial attempt to exhaust his remedies in state court with a letter to the state court judge of the 377th Judicial District Court, *see* Doc. No. 19-21, that letter did not suffice for

exhaustion.  The state court judge characterized Petitioner's letter as "an improper ex parte communication with the court," and notified Petitioner that "[n]o action can be taken" with regard to it.  (Doc. No. 19-19.)  Petitioner did not follow the prescribed habeas procedure, and even if his letter to the judge could have been construed as a habeas petition, Petitioner failed to exhaust his remedies by pursuing them in a higher court after the state district judge rejected them. The undersigned concludes that Petitioner's exhaustion requirement is not excused.[4]

### F.  Recommendation.

The undersigned recommends that the district court DISMISS Petitioner's § 2241 petition (Doc. No. 1) without prejudice, so that Petitioner may exhaust his claims in the Texas state courts.

SIGNED on June 28, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

### NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

---

[4]  The undersigned recognizes that Petitioner has been found incompetent in state court.  (Doc. No. 22-1, p. 1.) However, Petitioner has counsel in state court who can adequately assist Petitioner in fulfilling Petitioner's exhaustion requirement.  The undersigned has already explained to Petitioner why his motion for appointment of counsel relating to this petition has been denied.  (Doc. Nos. 10, 24.)

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).